## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MERRIE HOWELL,                  :
                                :
    Plaintiff,               :
                                :
    v.                       :    CIVIL ACTION FILE
                                :    NO. 1:15-CV-1134-SCJ
GENTIVA  HEALTH  SERVICES,      :
INC.,                           :
                                :
    Defendant.               :

-------------------------------------------------------------------------------------

KISCHA REED,                    :
                                :
    Plaintiff,               :
                                :
    v.                       :    CIVIL ACTION FILE
                                :    NO. 1:15-CV-1146-SCJ
GENTIVA HEALTH SERVICES,        :
INC.,                           :
                                :
    Defendant.               :

## ORDER

This matter is before the Court in Civil Action No. 1:15-CV-1134 on Defendant's motion to dismiss [8].

This matter is before the Court in Civil Action No. 1:15-CV-1146 on Defendant's motion to dismiss [8].

AO 72A
(Rev.8/82)

The instant complaints arise out of a collective action brought under the Fair Labor Standards Act against Gentiva Health Services, Inc., styled as Rindfleisch v. Gentiva Health Services, Inc., Civil Action No. 1:10-CV-3288-SCJ (N.D. Ga. 2010). The Court decertified the collective action in Rindfleisch on April 18, 2014. Id., Doc. No. [674]. On July 30, 2014, Plaintiffs Kischa Reed and Merrie Howell, as well as over 400 other Plaintiffs, filed a joint complaint against Gentiva in a case styled as Bailey v. Gentiva Health Services, Inc., Civil Action No. 1:14-CV-1892-MHC (N.D. Ga. 2014). On March 4, 2015, the Bailey court granted Gentiva's motion to sever and dismissed all Plaintiffs, but Bailey, without prejudice. Plaintiffs Reed and Howell then filed individual complaints against Gentiva Health Services on April 14, 2015.

In these motions, Defendant argues that Plaintiffs' claims are time-barred under the FLSA with respect to both the two year statute of limitations and the three year limitations period for willful violations. See 29 U.S.C. § 255(a). Plaintiffs Reed and Howell respond that their claims are not barred because the limitations period was tolled while Bailey was pending, and, in any event, under the circumstances, the Court should equitably toll the statute of limitations.[1]

_____

[1]The parties have filed near identical briefs in these two cases concerning the statute of limitations issue and the Court considers the two motions together.

AO 72A
(Rev.8/82)

The parties agree that the limitations period was tolled between the time each Plaintiff filed her consent to join Rindfleisch and her dismissal from Rindfleisch when the court decertified the collective action. See Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1303 (11th Cir. 2008) ("[T]he pendency of a class action tolls the applicable statute of limitations . . . only until the district court makes a class certification decision. If class certification is denied in whole or in part, the statute of limitations begins to run again as to those putative class members who were excluded from the class."). Furthermore, the Court in Rindfleisch agreed to Plaintiffs' request to stay the effective date of the dismissal for opt-in Plaintiffs for sixty days, that is, until June 17, 2014. The purpose of this delay was to provide Plaintiffs with time to consider their litigation choices going forward.

Plaintiff Reed's employment with Gentiva ended (at the latest) on January 30, 2009. She then opted-in to the Rindfleisch collective action on July 20, 2011. At that point, 901 days of Plaintiff's potential three year statute of limitations period had expired. Plaintiff Reed had 194 days remaining. Plaintiff Reed's dismissal from Rindfleisch became effective on June 17, 2014, and she did not filed her complaint in this action until April 14, 2015, which was 301 days after the effective dismissal and therefore outside the limitations period.

3

Plaintiff Howell's calculations are similar.  Plaintiff Howell worked for Gentiva from December 2001 to December 2008.  At the latest, therefore, her employment with Gentiva ended on December 31, 2008.  Plaintiff Howell opted into the Rindfleisch collective action on June 1, 2011.  At that point, 882 days of Plaintiff Howell's potential three year statute of limitations period had expired.  Plaintiff Howell had 213 days remaining.  Plaintiff Howell's dismissal from Rindfleisch became effective on June 17, 2014, and she did not file her complaint in this action until April 14, 2015, which was 301 days after the effective dismissal and therefore outside the limitations period.

Thus, unless the Court finds that the statute of limitations should be tolled while Bailey was pending or that Plaintiffs are entitled to equitable tolling, there is no dispute that Plaintiff Reed's and Howell's claims are outside the three year statute of limitations period.

As the Court explained, after Rindfleisch was decertified, Plaintiffs made the decision to file a lawsuit joining 411 Plaintiffs in Bailey.  Gentiva then filed a motion to sever for misjoinder under Rules 20 and 21.  In response to Defendant's motion to dismiss in the instant cases, Plaintiffs make several arguments about the procedure concerning Rule 21. The Court agrees with

4

Plaintiffs that Rule 21 does provide that: "Misjoinder of parties is not a ground for dismissing an action." Id. Further, as the court in DirecTV, Inc. v. Leto, 467 F.3d 842 (3d Cir. 2006), explained, when a court determines there has been misjoinder, the court may either (1) "drop" the disjoined parties "on such terms as are just" or (2) sever the misjoined parties and allow the claims to proceed separately. Id. at 845. If the parties are "dropped," the effect is a dismissal without prejudice. If the claims are "severed," the suit continues "in another guise." Id.

However, the relevant starting point for the analysis here is not generalities of Rule 21, but rather it must be the precise terms of the court's order in Bailey granting Defendant's motion to sever. The Bailey court first determined that Plaintiffs were misjoined pursuant to Rule 20. See Bailey v. Gentiva Health Services, Inc., Civil Action No. 1:14-CV-1892, Doc. No. [26], pp. 8-11. The court also held that it would exercise its discretion under Rule 21 to sever the parties "based on trial convenience, principles of fundamental fairness, and the prejudice that would result from keeping all 411 Plaintiffs in this case." Id. at 13-17. The Bailey court concluded by stating: "All Plaintiffs, except Cynthia Bailey are **DISMISSED WITHOUT PREJUDICE**." Id. at 17.

There is simply no basis upon which this Court can interpret that clear language as a "severance" rather than a "dismissal," as Plaintiffs request. <u>See</u> Plaintiffs' Resp., Doc. No. [10], p. 8.[2]   In fact, the <u>Bailey</u> order expresses understandable bafflement at the litigation strategy of filing a complaint attempting to join 411 plaintiffs, particularly after this Court had decertified the <u>Rindfleisch</u> collective action under a less stringent standard than that for joinder and/or severance.

Thus, regardless of the various options available to a court when addressing a situation of misjoinder, what the court in <u>Bailey</u> did was dismiss without prejudice all Plaintiffs but Bailey.  There is no question that when a claim is dismissed without prejudice, the statute of limitations period is not deemed to be tolled during the time the case was pending.  <u>See</u>, <u>e.g.</u>, <u>Miller v. Georgia</u>, 223 F. App'x 842 (11th Cir. 2007) ("the filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint"); <u>Bost v. Fed. Express Corp.</u>, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint

---

[2]Unlike the situation in <u>DirecTV, Inc. v. Leto</u>, 467 F.3d 842 (3d Cir. 2006) (converting dismissal into severance to fulfill purpose of Rule 21), cited by Plaintiffs, this Court does not sit as an appellate court.

to be filed outside the statute of limitations."). Thus, there is no basis upon which the Court may toll the statute of limitations period during the pendency of Bailey.[3]

In this instance, the Court finds Lee v. Cook County, 635 F.3d 969 (7th Cir. 2011), instructive. In Lee, twelve employees of the Cook County prison system filed a joint employment discrimination action. The district court dismissed the complaint without prejudice and granted the plaintiffs 40 days to file individual suits. The original complaint was timely under the 90 day limitations period in which a plaintiff may file a complaint after having received a Right to Sue letter from the Equal Employment Opportunity Commission. Id. at 971. But, by the time the district court entered its order dismissing the complaint without prejudice, the 90 day period had expired. Moreover, the three employees involved in the appeal also did not comply with the additional 40 days granted by the district court. Id.

---

[3]Despite Plaintiffs' argument to the contrary, there is no inconsistency between tolling the limitations period during the pendency of the Rindfleisch collective action which was ultimately dismissed without prejudice and not tolling it during the pendency of the Bailey action which was also dismissed without prejudice. Collective actions are treated differently than joinder actions. See Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1303 (11th Cir. 2008).

AO 72A
(Rev.8/82)

Under these circumstances, the court found that the plaintiffs were not entitled to tolling.  The <u>Lee</u> court noted that when the district court severed the action, it should not have dismissed the suits, rather it should have allowed the severed claims to proceed as if they have been originally filed as separate suits. <u>Id.</u> Because it did not, the <u>Lee</u> court found, the plaintiffs should have appealed the order immediately. <u>Id.</u> Or, the court noted, the plaintiffs should have re-filed within the 40 days allowed by the district court judge.  <u>Id.</u> at 972-73.  "The remedy is not continued litigation against defendants, who are entitled to stand on their right to dismissal when the plaintiff does not file a timely suit. . . ." <u>Id.</u> at 973.

It is not so clear in the Eleventh Circuit that Plaintiffs could have directly appealed the severance order in <u>Bailey</u>.  <u>See</u> <u>Hormann v. De Marchena Kaluche & Asociados</u>, 642 F.3d 995 (11th Cir. 2011) (per curiam) (holding severance order was not final and collateral order doctrine did not apply). But Plaintiffs could have sought some other kind of additional relief from the district court in <u>Bailey</u> and they did not do so.  This Court has no authority to change the manner in which Plaintiff Reed or Plaintiff Howell has been dismissed from the <u>Bailey</u> litigation.

Moreover, the Court does not find Plaintiffs Reed and Howell have demonstrated any basis for equitable tolling. <u>Mesidor v. Waste Management, Inc.</u>, 606 F. App'x 934 (11th Cir. 2015). Equitable tolling is an "extraordinary remedy which should be extended only sparingly." <u>Id.</u> at 936. Here, there are no circumstances of fraud, misinformation, or deliberate concealment. Plaintiffs were aware at all times of the status of the litigation and could see the potential consequences of their strategic decisions.

This case is unlike <u>Nasious v. City and County of Denver</u>, 415 F. App'x 877 (10th Cir. 2011), cited by Plaintiffs, where the court found that equitable tolling should be applied when a district court erroneously dismissed a claim without prejudice rather than severing the claim. The plaintiff in <u>Nasious</u> was proceeding <u>pro se</u> and had been instructed by the magistrate judge to take certain actions. The Tenth Circuit found that the <u>pro se</u> plaintiff had attempted to follow those instructions, and the district court had abused its discretion in dismissing the claims in the first lawsuit rather than severing them. Because the appeal concerned only the filing of the second lawsuit, however, the Tenth Circuit applied equitable tolling to find that the second lawsuit was timely filed. <u>Id.</u> at 882.

9

Here, in contrast, Plaintiffs were aware of the risks of filing a joint complaint at the time they initiated the Bailey action. As the Bailey court indicated, there was no precedential basis for filing a complaint attempting to join 411 plaintiffs, particularly after those plaintiffs had been decertified out of a collective action. Plaintiffs were represented by counsel and no court instructed Plaintiffs on any particular action they should take. The outcome may appear harsh to the affected Plaintiffs; however, it is an outcome dictated by the litigation strategy chosen by Plaintiffs. Because the Court finds the statute of limitations is not tolled during Bailey and that Plaintiffs are not entitled to equitable tolling, the Court finds Plaintiffs' claims are time-barred and GRANTS Defendant's motions to dismiss.

Defendant asks the Court to impose sanctions pursuant to Rule 16(f)(1) or 28 U.S.C. § 1927 for Plaintiff Reed's and Howell's alleged interference with the Court's docket and unnecessarily burdening the opposing party. The Court declines to do so. Some of the procedural issues raised by these cases have been complex. The Court finds that nothing in the litigation of these motions that warrants sanctions.

In Civil Action No. 1:15-CV-1134, the Court GRANTS Defendant's motion to dismiss [8].   The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

In Civil Action No. 1:15-CV-1146, the Court GRANTS on Defendant's motion to dismiss [8].  The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED,** this 28th day of August 2015.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

11